IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBURCIO ARANDA-GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CR F 01-5131 AWI<br><br>ORDER DENYING PETITIONER'S MOTION FOR *IN FORMA PAUPERIS* STATUS AND FOR PRODUCTION OF TRANSCRIPTS<br><br>Doc. # 12 |

    Petitioner Tiburcio Aranda-Garcia ("Petitioner") has filed a motion to proceed *in forma pauperis* ("IFP"), and has requested the court produce the transcripts from petitioner's sentencing hearing that was conducted on September 24, 2001. A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (subsequent history omitted). However, to qualify to proceed IFP, the litigant must "submit[ ] an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees of give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C., section 1915(a)(1).

    Petitioner has filed an affidavit that sets forth a statement of all Petitioner's assets, however there is nothing in the affidavit or any accompanying filing that indicates the nature of

the action.  The court has made a search of its filings, both criminal and civil, under the name "Tiburcio Aranda-Garcia" and can find no action except the above-captioned criminal action, which was closed on September 25, 2001, following entry of judgment and commitment.  Petitioner has captioned his request to proceed IFP as if it were an action against the United States, but so far as the court can determine there is no filing that could possibly be construed as an action against the United States, or any other party.

The statutory ability of courts to burden the government with the costs incurred by IFP litigants for document production, service of process, and other costs of maintaining an action is tied to the court's ability to assess the good-faith nature of the action.  See 28 U.S.C., section 1915(a)(3) (IFP status not allowed if trial court does not certify appeal is in good faith); and subsection (e)(2) (court to dismiss case any time court determines IFP action is frivolous, malicious, or fails to state a claim).  Where no action has been filed, the court cannot make the required good-faith determinations.  As a consequence, the court is not able to grant IFP status in the absence of an action to which the IFP status is related.

The court will provide petitioner a copy of the Judgment and Commitment in his case as a courtesy.  Should petitioner require more, Petitioner will be required to first file an action in this court.  If there is an action that has been filed in another court, Petitioner is directed to file his request to proceed IFP before that court, and to seek any documents that may be required through that court.

THEREFORE, for the reasons stated above, Petitioner's request to proceed IFP is hereby DENIED.  Petitioner's request for production of documents is also DENIED.  The Clerk of the Court shall prepare a copy of the Judgment and Commitment entered against Petitioner and shall append same to this order which shall be served upon Petitioner by mail.

1   IT IS SO ORDERED.

2   **Dated:     June 12, 2007**                              **/s/ Anthony W. Ishii**
                                                              UNITED STATES DISTRICT JUDGE